# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SHELDON CUMMINS,**

     **Petitioner,**

v.                                     **No. 14-cv-0558 LH/SMV**

**JOSEPH GARCIA and**
**ATTORNEY GEN. FOR THE STATE OF N.M.,**

     **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Petitioner Sheldon Cummin's Petition under 28 U.S.C. § 2254 . . . [Doc. 1] ("Petition"), filed on June 17, 2014.[1]  Respondents filed an Answer [Doc. 11] on August 11, 2014, arguing that the Petition should be denied without prejudice due to an unexhausted claim for prosecutorial misconduct.  On August 29, 2014, Petitioner filed a Reply [Doc. 16].  The Honorable C. LeRoy Hansen, Senior United States District Judge, referred this matter to me for analysis and recommendation of an ultimate disposition.  [Doc. 4].  Having reviewed the parties' submissions, the relevant law, and the records in this case, and being otherwise fully advised in the premises, I FIND that one claim for prosecutorial misconduct remains unexhausted, and I RECOMMEND that Petitioner be given the option to withdraw the unexhausted claim and proceed with the remaining claims.

---

[1] Petitioner has also filed a Motion to Expand the Record [Doc. 3], filed on June 17, 2015, and a Motion for Summary Judgment and Evidentiary Hearing [Doc. 17], filed on September 26, 2014.  I will not recommend rulings on those motions at this time.

I.       **Factual and Procedural Background**

On February 13, 2013, a jury found Petitioner guilty of aggravated battery with a deadly weapon (Count 1) and two counts of aggravated assault with a deadly weapon (Counts 2 and 3). [Doc. 11-1] at 1.  The charges stemmed from an altercation among Petitioner, his landlord, and his landlord's wife.  *Id.* at 19.

The Honorable Daniel Viramontes, District Judge in the State of New Mexico Sixth Judicial District, sentenced Petitioner to eight years' incarceration, five years suspended, for an actual term of three years.  *Id.* at 2.

On May 7, 2013, Petitioner's counsel filed a notice of appeal.  *Id.* at 10.  On appeal, Petitioner argued that the trial court erred (1) in refusing his motion for a directed verdict on one count of aggravated assault and (2) in allowing the wrong weapon into evidence.[2]  *Id.* at 19.  The New Mexico Court of Appeals proposed summary affirmance on November 7, 2013.  *Id.* at 26.

Petitioner apparently believed that the proposed summary affirmance was the appellate court's final disposition.  *See id.* at 31.  He then filed a pro se state habeas corpus petition on January 22, 2014.[3]  [Doc. 11-2] at 1.  On February 12, 2014, Petitioner, acting pro se, moved to withdraw his direct appeal, stating that he had decided to pursue relief through a writ of habeas corpus.  *See* [Doc. 11-1] at 31.  The Court of Appeals forwarded Petitioner's motion to his

---

[2] Petitioner used a .38-caliber handgun during the altercation with his landlord, but a 9 mm handgun from an unrelated case was sent into the jury room during deliberations.  [11-1] at 28–29.

[3] The second page of Petitioner's habeas petition to the state district court appears to be missing.  *See* [Doc. 11-2] at 1–2 (skipping page "2/17").  Respondents requested the page from the state district court, but the page is missing from the state district court file.  [Doc. 11] at 3 n.3.

attorney, *id.* at 36, who then filed an unopposed motion to dismiss Petitioner's direct appeal, *id.* at 37.  Accordingly, Petitioner's appeal was dismissed on March 3, 2014.[4]  *Id.* at 40.

On April 21, 2014, Judge Viramontes dismissed Petitioner's state-court habeas petition. [Doc. 11-2] at 46.  The gist of the state habeas petition, Judge Viramontes explained, was that "[Petitioner] did not receive a fair trial because the wrong gun was shown to the jury; and . . . [the victim] told the police he was taken to the hospital but there was no evidence presented regarding the hospital visit or to show the victim['s] . . . visit to the hospital was merely a 'ploy' to gain sympathy."  *Id.*  Judge Viramontes held that neither ground could provide a basis for post-conviction relief, as the issue regarding the gun was the subject of the appeal pending in the Court of Appeals, and the argument regarding the landlord's hospital visit was "an argument regarding the sufficiency of the evidence and/or credibility of the evidence."  *Id.*

Prior to the dismissal of his state habeas petition, Petitioner had also submitted a pro se Motion to Compel Respondents' Response to Petitioner's Petition for Writ of State Habeas Corpus on March 6, 2014.  *Id.* at 22.  The state district court construed this as a pro se petition for writ of habeas corpus and dismissed it on May 14, 2014, ordering Petitioner to submit future pleadings through his attorney.  *Id.* at 48.

On May 2, 2014, Petitioner filed a writ of certiorari to the New Mexico Supreme Court. [Doc. 11-3] at 1.  The New Mexico Supreme Court denied the petition on June 26, 2014. [Doc. 11-5] at 1.

The instant Petition raises five grounds for relief.  [Doc. 1] at 6.  Ground One claims that the state courts should have conducted an evidentiary hearing during the state habeas

---

[4] Though the Court of Appeals dismissed Petitioner's direct appeal in March, it did not issue the mandate until May 2, 2014.  [Doc. 11-1] at 42.

proceedings. *Id.* In Ground Two, Petitioner claims a Brady violation, alleging that the victim did not actually go to the hospital, and the district attorney "knew or should have known that no hospital visit ever took place" and failed to notify anyone. *Id.* In Ground Three, Petitioner claims that his conviction was obtained as a result of prosecutorial misconduct—specifically, (a) the prosecution's failure "to correct known lies [and] false statements," and (b) the prosecution's intentional introduction of false evidence (the 9 mm handgun) to the jury during a secret in-chambers meeting. *Id.* Ground Four asserts two claims for ineffective assistance of counsel: (a) counsel's failure to adequately investigate, and (b) counsel's conspiracy with the court and prosecution to violate Petitioner's constitutional rights. *Id.* Petitioner claims in Ground Five that the judge, prosecutor, and defense counsel conspired against him. *Id.* at 7.

Respondents do not address Ground One, concerning the state courts' failure to conduct an evidentiary hearing, in their Answer. As to the other claims, Respondents contend that Petitioner has exhausted his state-court remedies on all but one: the claim for prosecutorial misconduct for the introduction of false evidence.[5] Respondents do not address the exhausted claims on their merits.

## II.   <u>Non-Exhaustion</u>

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court review before a federal court may consider his claims on their merits. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

---

[5] Respondents concede that Petitioner has exhausted his state-court remedies as to the claim for the Brady violation (Ground Two), the claim for prosecutorial misconduct for failure to correct false statements (Ground Three, first claim), the ineffective-assistance-of-counsel claims (Ground Four), and the claims for conspiracy (Ground Five). In dismissing the state habeas petition, the state district court did not address each of these claims individually, and it is not entirely clear that Petitioner has exhausted each of these claims. To the extent that these claims were not fairly presented to the state district court, Respondents have waived the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3) (allowing states to expressly waive the exhaustion requirement).

judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . .").  A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Picard v. Connor*, 404 U.S. 270, 277 (1971) (finding a claim for relief unexhausted where the petitioner raised the claim in a petition for writ of certiorari to the state's highest court but had not raised the claim in the lower court); *Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011).

The exhaustion of state remedies requires the petitioner to "fairly present" his federal claims to the state courts in order to give the state "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Picard*, 404 U.S. at 275; *see also Duncan*, 513 U.S at 365 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").  While a petitioner need not cite "book and verse" to the Constitution or any particular source of federal jurisprudence, the petitioner must present "the substance" of his federal claim to the state court before it is fairly presented.  *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).  Citation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement.  *Baldwin v. Reese*, 541 U.S. 27, 29-31 (2004).

Further, for the purposes of exhaustion, a claim for relief must "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the

petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  It is insufficient for a petition to have *only* presented the state courts with the facts necessary to state a claim for relief. *Id.* at 163.  Likewise, it is insufficient to appeal generally to a constitutional guarantee, such as "due process," to fairly present the "substance" of a claim to the state court.  *Id.*

Respondents contend, and I agree, that one claim for prosecutorial misconduct remains unexhausted.  Petitioner claims in Ground Three that the prosecutor intentionally introduced the wrong gun (a 9 mm handgun) "to the jury in secret" in an attempt to "poison" them.  [Doc. 1] at 6, 10.  Petitioner clearly raised this claim in his petition for writ of certiorari to the New Mexico Supreme Court.  *See* [Doc. 11-3] at 3–4.  But Respondents argue that Petitioner has not fairly presented this issue in state court proceedings because it is absent from Petitioner's state habeas petition.  [Doc. 11] at 6; *see also* [Doc. 11-2] at 1–15 (state habeas petition).  They contend that Petitioner's state habeas petition never mentions the alleged secret in-chambers meeting, where he claims that the prosecution produced the wrong weapon.  [Doc. 11] at 6–7.

Petitioner believes that he has exhausted his state-court remedies for all of his claims. [Doc. 16] at 4.  He argues that his state court petition clearly alleged that "false evidence was presented to the jury in an in chambers hearing," and that his petition for writ of certiorari similarly raised the claim.  *Id.*

In his state habeas petition, Petitioner alleged that:

> [His c]onviction [was] obtained as a result of false evidence presented to the jury.  Such evidence tainted the jury and denied [Petitioner] a fair trial.  A 9 mm handgun was shown to the jury. The jury was lead to believe by the Prosecutor that a 9 mm firearm was used by [Petitioner].  No such weapon was ever in the [p]osession of [Petitioner], nor involved in the incident.

[Doc. 11-2] at 2.  At another point in his petition, Petitioner stated that the introduction of the 9 mm handgun "was no mistake by the district attorney, this conduct was a willful and deliberate attempt to poison the jury."  *Id.* at 5.  But Petitioner did not allege that the introduction of false evidence took place during a secret meeting.  He never mentioned the alleged secret meeting involving the judge, jury, prosecutor, and defense attorney at any point in the state habeas petition.  Moreover, Petitioner did not present the facts concerning false evidence in reference to a claim for prosecutorial misconduct.  *See Gray*, 518 U.S. at 162–63 (1996) (stating that claims for relief must include both "reference to a specific federal constitutional guarantee" and "a statement of the facts that entitle the petitioner to relief").  I find, therefore, that the claim was never fairly presented to the state district court, remains unexhausted, and is not ripe for this Court's review.

## III.   <u>Addressing Mixed Petitions</u>

Because the Petition includes both exhausted and unexhausted claims, it is a "mixed petition."  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (utilizing the phrase "mixed petition").  When a court is presented with a "mixed petition," it may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted).

Respondents urge the Court to dismiss the Petition in its entirely because of the single unexhausted claim.   [Doc. 11] at 12.   But dismissal of the Petition in its entirety would be inappropriate here because the majority of the Petition consists of exhausted claims.

A stay and abeyance approach for mixed petitions should only be available where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless."   *Rhines v. Weber*, 544 U.S. 269, 277 (2005).   Nothing in the pleadings before the Court addresses what cause, if any, exists for the delay in bringing the unexhausted claims before the state courts.   I find that a stay and abeyance also would be inappropriate here.

The Court could ignore the exhaustion requirement and deny the unexhausted claims on the merits if the claims lack merit.   I find that ignoring the exhaustion requirement and looking to the merits of the unexhausted claims would be ill-advised.

In fairness to Petitioner, I recommend that he be given the opportunity to amend his federal Petition to withdraw the as-yet unexhausted claim for prosecutorial misconduct concerning the intentional introduction of false evidence.   Because Petitioner has already provided the details he believes to be relevant to his other claims, I will not recommend that Petitioner be permitted to file an entirely new petition.   Rather, the best procedure will be to require that Petitioner signify the withdrawal of his unexhausted prosecutorial misconduct claim via a **one-page document**.   Petitioner should be granted **30 days** within which to file this document.   Failure to file within that time will lead to a dismissal of the entire petition.   I caution Petitioner that, should he choose to dismiss the unexhausted claims, he will likely lose the opportunity to present those unexhausted claims to a federal court at a later date. *See Tapia v.*

8

*Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (Petitioner who elects to proceed only on exhausted claims is deemed to have abandoned all unexhausted claims and those claims may not be re-brought in federal court unless the petitioner can meet the requirements for filing a successive petition); 28 U.S.C. § 2244(b)(1).

Petitioner may instead choose to return to state court to present the unexhausted claim.  If he so chooses, this action will be dismissed in its entirety.  Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitation period would apply to all of his claims, even those that are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, 130 F. App'x 208, 210 (10th Cir. 2005) (dismissing a § 2254 petition as untimely under similar circumstances).  Petitioner should be aware that the statute of limitations in his case began to run on the date his judgment became final, which was the date on which the state appellate court dismissed his appellate action.

## CONCLUSIONS AND RECOMMENDED DISPOSITION

Petitioner's claim for prosecutorial misconduct concerning the prosecutor's alleged intentional introduction of false evidence at a secret meeting is not exhausted.  Accordingly, I recommend that Petitioner be given the option of withdrawing that particular claim and proceeding on the remaining claims.  In the alternative, Petitioner may elect to return to state court, fully aware of the constraints of the relevant statute of limitations, at which time this matter should be dismissed without prejudice.

**I HEREBY RESPECTFULLY RECOMMEND:**

(1)  If these proposed finding are adopted, Petitioner must file a **one-page certification** stating that he has elected to withdraw his unexhausted prosecutorial misconduct claim

concerning false evidence, within **30 days** of the District Judge's Order adopting these findings; and

(2)  If these proposed findings are adopted and Petitioner fails to file a certificate to withdraw the unexhausted claims within **30 days** of the District Judge's Order, he is put on notice that his Petition may be dismissed, and that the Antiterrorism and Effective Death Penalty Act's statute of limitations applies to all claims brought in this action.  *See* 28 U.S.C. § 2244(d) (setting forth the statute of limitations).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**