IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHELDON CUMMINS,

    Petitioner,

v.                                                             CIV No. 14-0558 LH/SMV

JOSEPH GARCIA and
ATTORNEY GEN. FOR THE STATE OF N.M.,

    Respondents.

## AMENDED[1] ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") [Doc. 26], issued February 4, 2015.  After having been granted an extension of time to object to the PF&RD, [Doc. 31], Petitioner filed his Reply to the Magistrate Judge[']s [PF&RD] [Doc. 32] ("Objections") on March 13, 2015.  The Court has reviewed de novo the portions of the PF&RD to which Petitioner has objected.  Having considered the arguments of the parties, the record, and the relevant law and being otherwise fully advised in the premises, the Court will overrule the objections and adopt the PF&RD.  Accordingly, within 30 days, Petitioner may with draw the unexhausted claim and proceed with the remaining claims.  If he elects not to withdraw the unexhausted claim, his entire Petition will be dismissed without prejudice.

---

[1] The Court vacated the original Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition on March 12, 2015, in order to give Petition more time to file objections.  [Docs. 29, 31].  This amended order resolves those objections.

**Background**

On reference by the undersigned, *see* [Doc. 4], the Honorable Stephan M. Vidmar, United States Magistrate Judge, reviewed Petitioner Sheldon Cummins's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1]. Judge Vidmar found that one claim for prosecutorial misconduct concerning the prosecutor's alleged intentional introduction of false evidence at a secret meeting was unexhausted. Judge Vidmar found that the claim had been raised in Petitioner's petition for a writ of certiorari from the New Mexico Supreme Court on his state habeas petition. However, he found that it had not been brought before the state trial court in the original state habeas petition. Therefore, Judge Vidmar found that the claim had not been exhausted before the state courts and recommended that Petitioner be given the option to withdraw the unexhausted claim and proceed with the remaining claims, or the entire petition would be dismissed without prejudice. [Doc. 26] at 9−10.

**Standard of Review for**
**Objections to Magistrate Judge's Recommendations**

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

**Analysis**

In his Objections, Plaintiff acknowledges that he did not exhaust the claim for prosecutorial misconduct arising from an alleged secret meeting. [Doc. 32] at 1–2. On de novo review, the Court agrees and finds that Petitioner's claim for prosecutorial misconduct arising from an alleged secret meeting is, indeed, unexhausted. Accordingly, Petitioner is granted 30 days to withdraw the unexhausted claim.

Judge Vidmar found that the remaining claims raised before this Court were exhausted and should proceed. Those claims are:

> Ground One claims that the state courts should have conducted an evidentiary hearing during the state habeas proceedings. [[Doc. 1] at 6.] In Ground Two, Petitioner claims a Brady violation, alleging that the victim did not actually go to the hospital, and the district attorney "knew or should have known that no hospital visit ever took place" and failed to notify anyone. *Id.* In Ground Three, Petitioner claims that his conviction was obtained as a result of prosecutorial misconduct—specifically, . . . the prosecution's failure "to correct known lies [and] false statements," . . . *Id.* Ground Four asserts two claims for ineffective assistance of counsel: (a) counsel's failure to adequately investigate, and (b) counsel's conspiracy with the court and prosecution to violate Petitioner's constitutional rights. *Id.* Petitioner claims in Ground Five that the judge, prosecutor, and defense counsel conspired against him. *Id.* at 7.

[Doc. 26] at 3–4. However, in his Objections, Plaintiff also argues that it would be error to dismiss "the entire claim" because in his state habeas petition, he "clearly allege[d] prosecution [sic] misconduct." [Doc. 32] at 1. Of course, Judge Vidmar did not propose to dismiss as unexhausted Ground Three in its entirety. [Doc. 26]. Judge Vidmar recommended that Petitioner's claim for prosecutorial misconduct arising from an alleged failure "to correct known

lies [and] false statements" proceed. *Id.* Therefore, on de novo review, Plaintiff's objection is overruled as moot.

Plaintiff further objects because he believes that he is entitled to an evidentiary hearing. [Doc. 32] at 2–3. To the extent that he requests an evidentiary hearing on the question of exhaustion, the objection is overruled, and the request is denied. No hearing is necessary to determine whether the claims presented before this Court are exhausted. Indeed, Plaintiff concedes that his claim related to the alleged secret meeting is not exhausted.

To the extent that Plaintiff requests an evidentiary hearing on the merits of his claims, [Doc. 32] at 2–3, the Court reserves ruling on that question until Judge Vidmar makes his recommendation. Judge Vidmar expressly declined to pass on the matter in his PF&RD. [Doc. 26] at 1, n.1. Presumably, he is awaiting resolution of the exhaustion issue first.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the objections contained in Petitioner's Reply to the Magistrate Judge[']s [PF&RD] [Doc. 32] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 26] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner must file a **one-page certification** stating that he has elected to withdraw his unexhausted prosecutorial misconduct claim concerning the prosecutor's alleged intentional introduction of false evidence at a secret meeting, **within 30 days** from the date of this Order. If Petitioner fails to file a certificate to withdraw the unexhausted claim within **30 days** of the date of this Order, he is put on notice that his Petition will be dismissed without prejudice, and that the Antiterrorism and Effective Death Penalty Act's

statute of limitations applies to all claims brought in this action.  *See* 28 U.S.C. § 2244(d) (setting forth the statute of limitations).

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**